IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VERNON ROBINSON,

    Petitioner,

vs.                                          Case No. 4:14cv74-MW/CAS

MICHAEL CREWS, Secretary,
Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER PETITION

On February 12, 2014, Petitioner Vernon Robinson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner has also filed a motion for leave to proceed in forma pauperis. Doc. 2.

Petitioner is currently incarcerated at the Union Correctional Institution in Union County, Florida, which is located in the Middle District of Florida. Doc. 1; *see* 28 U.S.C. § 89(b). Petitioner indicates he is incarcerated pursuant to a state court judgment from the Fourth Judicial Circuit Court, Duval County, Florida, which is also located in the Middle District of Florida. Doc. 1*; see* 28 U.S.C. § 89(b). Petitioner further indicates he was released on parole on November 12, 1996, but returned to the Department of

Corrections (DOC) in 2003.  Doc. 1 at 3-4.  Petitioner indicates he had accumulated significant gain time prior to being paroled.  *Id*. at 3.  He challenges the DOC's failure "to rate him above satisfactory or outstanding on his gain-time sheet" since 2003 and the DOC's establishment of his release dates.  *Id*. at 3-5.  He indicates his grievances and appeal were denied.  *Id*. at 3-6.

Whether this case proceeds as a § 2241 petition or as a § 2254 petition, jurisdiction is not appropriate in this district.  *See* 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated); *see also* Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (holding habeas petition challenging loss of gain time as result of prison disciplinary proceeding is governed by § 2241 and by § 2254, emphasizing habeas corpus is a single post-conviction remedy principally governed by two different statutes, § 2241 and § 2254, "with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court"); Sbarra v. Fla. Dep't of Corr., No. 4:09cv296-RH/WCS, 2009 WL 4400112, at *2 (N.D. Fla. Dec. 1, 2009) (order transferring habeas petition challenging revocation of gain time and explaining: "As the district of conviction and incarceration – and the district where the disciplinary proceedings were conducted and the gain time was revoked – the Middle District is the only district where this case may properly go forward.").  Accordingly, this petition should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, the district of conviction and confinement.  *See* M.D. Fla. R. 1.02(b)(1).

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 21, 2014.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**